Jesse Hanley, Appellant, *v.* James P. Erskine, Appellee.

APPEAL FROM PIKE.

In a suggestion for mesne profits, the admissions of the tenant in possession of the property recovered in ejectment, not made in the hearing or presence of the defendant in ejectment, are incompetent as evidence.

The tenant should have been called, instead of proving his admissions.

This was a suggestion for mesne profits, commenced at September term, 1857, of Pike Circuit Court, by Erskine against

Hanley, by service of a declaration and notice, in due form, on Hanley.

The declaration states, that on 12th May, 1855, Erskine commenced an action of ejectment for N. W. S. E. 2, 3 S., 4 W., against Hanley, and recovered judgment in said cause at March term, 1857, for undivided nineteen-twentieths of said land, and that on 15th May, 1857, Hanley was indebted to Erskine in $300 for use and occupation of said premises.

Plea, *non assumpsit.*

At September term, 1857, the cause was tried by the court, WALKER, Judge, presiding, who found issue for plaintiff, Erskine, and assessed damages at $181.50.

Motion for new trial made and overruled, and remittitur by Erskine of $10.

Bill of exceptions shows that Erskine proved a recovery in ejectment against Hanley for nineteen-twentieths of the aforesaid premises in fee, as stated in his declaration, and called a witness, who testified that there was about 33 acres in cultivation on said land; that his father-in-law, a tenant of Hanley, was in possession of said improved land in 1855, and paid rent to Hanley for that year. In 1856, one McGuire, occupied the land; witness did not know whether he was a tenant of Hanley or not, but had heard McGuire state, while he was in possession of said land, frequently, in 1856, that he was a tenant of Hanley, and was to pay rent to Hanley for year 1856; that Hanley was not present when these statements were made; that Hanley bought the improvements on premises prior to 1855; that rent was worth $2.50 per acre in 1855, and $3 in 1856. This was all the evidence in the case.

Hanley, the defendant, objected to the introduction in evidence against him of the declarations of McGuire. The court overruled said objection, and Hanley excepted to such decision.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellant.

C. L. HIGBEE, for Appellee.

BREESE, J. The only question in this case is, were the admissions of McGuire, not being made in the hearing or presence of Hanley, proper evidence to charge Hanley?

McGuire was in possession of the land which Erskine had recovered in ejectment against Hanley, but whether he was in under Hanley, or not, was to be proved like any other fact. Proving this fact would establish privity when, being established, McGuire's declarations might be admissible.

A familiar principle of evidence is, that the best evidence of

which the nature of the case admits, must be produced. Mc-Guire's own testimony was the best evidence, and he should have been called.

It is on this principle that a declaration or admission by the party under whom a defendant in replevin makes cognizance, is not evidence for the plaintiff, for the party himself may be called.

There being no privity shown between McGuire and Hanley, McGuire's admissions as to his tenancy, cannot be used to the prejudice of Hanley. The judgment is reversed and the cause remanded.

*Judgment reversed.*